IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CRG HOLDINGS, LLC** <br> 188 North State Road 267, Suite 102, <br> Avon, IN  46123 <br><br> and <br><br> **BRU ON MASS, LLC** <br> 188 North State Road 267, Suite 102, <br> Avon, IN  46123 <br><br> **Plaintiff,** <br><br> v. <br><br> **BRU CBUS, LLC** <br> 121 East Weber Rd. <br> Columbus, OH  43202-6127 <br><br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No.: 2:12-cv-01162 <br><br> Judge _____ |

_____

**COMPLAINT**
_____

Plaintiffs CRG Holdings, LLC and Bru on Mass, LLC, by its undersigned counsel, for their complaint against Defendant BRU CBUS, LLC, state as follows:

**I.     NATURE OF THE CASE**

Plaintiffs CRG Holdings, LLC and Bru on Mass, LLC, (collectively, "Plaintiffs") seek injunctive and other relief against BRU CBUS, LLC ("Defendant") for trademark infringement, unfair competition, false designation of origin, and other deceptive trade practices with respect to Plaintiffs' ownership of the federal registration application and federal and state common law ownership of the BRU Burger Bar Design Mark. As alleged more fully below, Defendant's use of a design mark confusingly similar to the Plaintiff's BRU mark poses a likelihood of confusion

as to source, affiliation, connection, association or permission between Plaintiffs and Defendant. Plaintiffs' mark and Defendant's infringing mark are set forth below as they appear in the marketplace:



**Plaintiffs' Mark**



**Defendant's Mark**

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CRG Holdings, LLC ("CRG") is a limited liability company having its principal place of business at 188 N. State Road 267, Suite 102, Avon, Indiana 46123. CRG, itself and through its wholly owned subsidiaries, own, hold for investment, and operate restaurant entities.

2. Plaintiff Bru on Mass, LLC ("Bru on Mass") is an Indiana limited liability company with its principal place of business at 188 N. State Road 267, Suite 102, Avon, Indiana 46132. CRG is the sole member and manager of Bru on Mass, LLC, and CRG is the sole owner of the federal common law service mark and federal registration application for the BRU Burger Bar Design Mark ("the BRU mark"). Pursuant to 15 U.S.C. § 1127 of the Lanham Act, CRG and Bru on Mass are "related companies," and Bru on Mass, LLC uses the BRU mark in commerce under license from CRG.

3. Upon information and belief, Defendant BRU CBUS, LLC ("Defendant") is an Ohio limited liability with its principal office and place of business located in Columbus, Ohio.

4. This is a civil action arising from Defendant's infringement of CRG's BRU mark. The claims alleged in this complaint arise under the Lanham Act, including 15 U.S.C. § 1125, *et. seq.*, 15 U.S.C. § 1057 (c), and Ohio state law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Moreover, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all claims arising under state law, in that such claims are so related to Plaintiffs' claims within the original jurisdiction of this Court that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant committed tortious acts and transacts and plans to transact business within the state of Ohio and this District. Further, venue is proper in this district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District, the Defendant resides and/or conducts substantial business in this District, and Plaintiffs' injuries occurred, at least in part, in this District.

### III. STATEMENT OF THE CLAIMS

7. Defendant advertised, marketed, planned manufacture, distributed, offered for sale, and provided services under a mark that infringes upon Plaintiffs' federal, state, and common law rights in the BRU mark, and is likely to cause confusion as to affiliation, connection, or association, of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's infringing products and services by Plaintiffs. Accordingly, Plaintiffs seek injunctive and other relief.

8. Plaintiffs seek injunctive and other relief for:

   a. **Count One**: Unfair Competition and False Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

   b. **Count Two**: False Designation of Origin and Passing Off in Commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

   c. **Count Three**: Federal Trademark Infringement under 15 U.S.C. § 1125.

   d. **Count Four**: Deceptive Trade Practices in violation of Ohio Rev. Code § 4165.02.

   e. **Count Five:** Trademark Infringement and Unfair Competition in violation of Ohio state common law.

**IV.  STATEMENT OF FACTS**

*Plaintiffs' Brands and Regional "Footprint"*

9. CRG owns, holds for investment, and operates restaurants, namely: Cunningham Restaurant Group, LLC; Stone Creek West Chester, LLC; SPI, LLC; Stone Creek, LLC; Charbono, LLC; Stone Creek Plainfield, LLC; Stone Creek Zionsville, LLC; Stone Creek Montgomery, LLC; Stone Creek Noblesville, LLC; Mesh Restaurant, LLC; and Bru on Mass, LLC.

10. CRG owns, holds for investment, and operates five (5) restaurant brands, namely: Stone Creek Dining Company ("Stone Creek"), Boulder Creek Dining Company ("Boulder Creek"), Charbonos® ("Charbonos"), Mesh® ("Mesh"), and BRU Burger Bar ("BRU"), which is operated by BRU on Mass under license from CRG.

11. CRG's family of restaurant brands span across a regional footprint in Indiana and Ohio, and CRG promotes the individual and collective goodwill of their restaurant brands at each of their physical restaurant locations.

12. For example, Stone Creeks are located throughout central Indiana in the cities and towns of Plainfield, Greenwood, Zionsville, and Noblesville, and Ohio in the cities and towns of Montgomery and West Chester. Boulder Creek is located in Brownsburg, Indiana; Charbonos® is located in Avon, Indiana; and, Mesh® and BRU are located in Indianapolis, Indiana.

13. CRG is engaged in the continued regional growth of its restaurant brands by building more restaurant locations in the region.  CRG expects to have 14 fully operational restaurant locations in 3 states by the end of 2013 and 30 restaurant locations throughout the Midwest by the end of 2015.  In fact, this plan includes a BRU brand restaurant location in Columbus, Ohio.

*The BRU Brand*

14. Plaintiffs' first use of the BRU mark (pictured below) occurred as early as October 2011, and its first use of the mark in commerce occurred as early as December 2011.

 **BRU Mark**

15. Plaintiffs' use of the BRU mark and the associated goodwill reaches far beyond Indianapolis.  Plaintiffs serve restaurant customers, including travelers, under the BRU mark from a storefront located conveniently close to the interstate.  Indeed, the brand's customer base

and potential customer base extends into the greater Columbus, Ohio area ("the Columbus market" or "Columbus").

16. Residents throughout the state of Ohio, including, without limitation, Columbus, are familiar with the BRU brand, its services, and the BRU mark.

17. CRG's V.I.P. membership program is a consumer loyalty discount program that V.I.P. members may use at any of CRG's physical restaurant locations to accumulate and use rewards points.

18. CRG's interconnected restaurant brand websites ("the CRG websites") advertise and market the CRG restaurant brands individually and collectively; provide accessibility to CRG's V.I.P. Membership program; and provide a point of sale for CRG gift card purchases.

19. According to CRG's website traffic reports and statistics, the BRU and CRG websites have had over 27,000 web inquiries this year from locations throughout the state of Ohio, including, without limitation, hundreds of inquiries from Columbus.

20. Residents throughout the state of Ohio are actively registered members of CRG's V.I.P. program and are familiar with BRU and recognize the BRU mark.

21. Further, residents of Dayton, Ohio and the surrounding areas along the Interstate 70 corridor connecting Indianapolis and Columbus—residents who are likely to regularly visit both Indianapolis and Columbus—are actively registered members of CRG's V.I.P. membership program and are familiar with BRU and recognize the BRU mark.

22. Likewise, residents of Cincinnati, Ohio and the surrounding areas along the Interstate 71 corridor connecting Cincinnati and Columbus are actively registered members of CRG's V.I.P. membership program and are familiar with BRU and recognize the BRU mark.

*Defendant's Improper Acts*

23.     Upon information and belief, Defendant has adopted a mark in connection with its restaurant services (the "CBUS logo," pictured below) that is identical in every material way to the BRU mark:



24.     The CBUS logo not only adopts the word BRU, but also places it directly across the center of a circle in bold, uppercase letters, with the circle intersecting the letters "B" and "U."

25.     Defendant's marketing of its services under the CBUS logo ("the CBUS logo") has already resulted in actual consumer confusion and poses a risk of further likelihood of confusion with CRG's BRU mark in violation of the Lanham Act, federal and Ohio state common law, and the Ohio Revised Code.  CRG has been and will continue to be damaged by CBUS' confusingly similar use.

26.     Defendant's unauthorized use of the BRU mark is likely to cause confusion, to cause mistake, and/or to deceive Columbus and central Ohio customers and potential customers of Plaintiffs, as to the origin, sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of the Defendant with CRG.

27.     Defendant's unauthorized use of the BRU mark enables Defendant to trade on and receive the benefit of goodwill in Columbus and central Ohio that Plaintiffs have built up at great

-7-

labor and expense over time, and to gain acceptance for Defendant's products and services not solely on their own merits, but on the reputation and goodwill of Plaintiffs, its trademarks, and its products and services.

28. Defendant's unauthorized use unlawfully removes Plaintiffs' ability to control the nature and quality of products and services provided using the BRU mark in commerce, including, without limitation, in Columbus and central Ohio, and places the goodwill and valuable reputation associated with the BRU mark in the hands of Defendant.

29. Defendant's actions pose irreparable injury to Plaintiffs and to the Columbus and central Ohio consuming public for which there is no adequate remedy at law.

## COUNT ONE
### (Federal Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

30. Plaintiffs incorporate the allegations contained in paragraphs 1 through 29 as if fully restated herein.

31. Defendant's use of the CBUS logo violates 15 U.S.C. § 1125(a) because their use of the CBUS logo in commercial advertising and promotions misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's services—for example, misrepresenting that Plaintiffs endorse or are affiliated with Defendant's services when they are not. Such statements made to consumers are material.

32. Defendant will either improperly benefit from Plaintiffs' regional goodwill or tortiously damage it. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has been and will continue to be damaged.

33. Defendant's use of the CBUS logo causes a likelihood of confusion, and Plaintiff can properly insist that its reputation should not be imperiled by the acts of another over which Plaintiff has no control.

34. Defendant's actions and omissions have been and continue to be willful and deliberate, designed to trade upon the consumer goodwill enjoyed by Plaintiff.

35. Plaintiff's goodwill is of substantial and rapidly growing value. Plaintiff is suffering and will continue to suffer irreparable harm if Defendant's unfair competition as to the infringing logo is allowed to continue.

36. The Defendant's acts constitute unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendant's unfair competition will continue unless enjoined by this Court. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries. Plaintiffs lack an adequate remedy at law.

38. Plaintiffs are entitled to injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including but not limited to costs and reasonable attorney's fees.

**COUNT TWO**
**(Federal False Designation of Origin and Passing Off Under 15 U.S.C. § 1125(a))**

39. Plaintiffs incorporate the allegations contained in paragraphs 1 through 38 as if fully restated herein.

40. By providing restaurant services using the CBUS logo, Defendant has caused actual confusion and is likely to cause further confusion, mistake or deception as to the source or affiliation of Defendant's goods and services.

41. Defendant's unauthorized use of the BRU mark falsely indicates to consumers that Plaintiffs or their respective agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with Defendant, or that Defendant is connected with, sponsored, endorsed, authorized, or approved by or affiliated with Plaintiffs.

42. Defendant's unauthorized use of the BRU mark in connection with its restaurant services allows Defendant to receive the benefit of the BRU mark and its associated goodwill, which Plaintiffs have established at great labor and expense, and allows Defendant to gain acceptance of its goods and services, based not on its own qualities, but on the reputation, investment, hard work, reputation, and goodwill of Plaintiffs.

43. Defendant's acts constitute a false designation of origin and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries. Plaintiffs lack an adequate remedy at law.

44. Unless the actions of Defendant are enjoined, Plaintiffs will suffer injury and damage. Defendant's ongoing and irreparable actions will continue if they are not enjoined.

45. Plaintiffs are entitled to injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including but not limited to costs and reasonable attorney's fees.

## COUNT THREE
### (Federal Trademark Infringement under 15 U.S.C. § 1125)

46. Plaintiffs incorporate the allegations contained in paragraphs 1 through 45 as if fully restated herein.

47. Plaintiffs believe that they are or are likely to be damaged by the Defendant's wrongful and unauthorized use of the BRU mark in commerce and interstate commerce.

48. Defendant's use of the CBUS logo in connection with restaurant services causes a likelihood of consumer confusion, mistake, and deception with the BRU mark and constitutes an infringing use of the BRU mark in violation of 15 U.S.C. § 1125.

49. Defendant's ongoing and irreparable actions will continue if they are not enjoined.

50. The goodwill of the BRU mark is of substantial and growing value, and Plaintiffs are suffering and will continue to suffer injury and damage unless the foregoing actions of Defendant are enjoined.

51. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries. Plaintiffs lack an adequate remedy at law.

52. Plaintiffs are entitled to injunctive relief against Defendant, as well as other remedies available under the Lanham Act, including, but not limited to, costs and attorney's fees.

## COUNT FOUR
**(Deceptive Trade Practices in Violation of Ohio Rev. Code § 4165.02)**

53. Plaintiffs incorporate the allegations contained in paragraphs 1 through 52 as if fully restated herein.

54. Defendant's actions and omissions in Ohio as aforesaid constitute deceptive trade practices in violation of Ohio Rev. Code § 4165.02, *et. seq*.

55. Defendant's conduct is and has been deliberate, intentional, willful, and malicious, and Defendant has acted with full knowledge of the deceptiveness of its action.

56. Plaintiffs have been and will be injured as a result of Defendant's unlawful and unauthorized deceptive trade practices. Further, Defendant's wrongful practices have actually deceived and have a tendency to deceive the customers and potential customers.

57. Unless the foregoing actions of Defendant are enjoined, Plaintiffs will suffer injury and damage.

58. The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

59. Plaintiffs are entitled to injunctive relief against Defendant, as well as other remedies available under Ohio's Deceptive Trade Practices Act, including, but not limited to, costs and attorney's fees.

### COUNT FIVE
**(Trademark Infringement and Unfair Competition in Violation of Ohio State Common Law)**

60. Plaintiffs incorporate the allegations contained in paragraphs 1 through 59 as if fully restated herein.

61. The acts and omissions of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of Ohio.

62. Plaintiffs have been and will be injured as a result of Defendant's unlawful and unauthorized practices. Further, Defendant's wrongful practices have actually deceived and have a tendency to deceive the customers and potential customers.

63. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will suffer damage and injury.

64. The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

65. Plaintiffs are entitled to injunctive relief against Defendant, as well as other remedies available under Ohio's Deceptive Trade Practices Act, including, but not limited to, costs and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. In favor of Plaintiffs and against Defendant on all of Plaintiffs' claims;

2. Permanently enjoin and restrain Defendant and its agents, partners, subsidiaries, servants, employees, attorneys, successors, representatives, assigns and affiliates, and all others in concert, privity, or participation with them from the actions complained of herein, including, but not limited to:

    a. Using the BRU mark, or any colorable imitation thereof, on or in connection with the advertisement, publicity, promotion, marketing, sale, purported licensing, provision of restaurant services or other distribution of related goods and services;

    b. Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant or its products and services emanate from, or are affiliated or connected with, or sponsored or approved by Plaintiffs;

    c. Further infringing upon the BRU mark;

    d. Otherwise unfairly competing with Plaintiffs in any manner;

    e. Destroying any records documenting the manufacture, sale, or receipt of any good or service using the BRU mark; and

    f. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a. through e. above;

3. Requiring Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, to deliver to Plaintiffs for destruction all labels, signs, prints, packages, bottles, receptacles, containers, products, clothing, advertisements, and any other object

or tangible thing in Defendant's possession or control bearing the BRU mark and any colorable imitation thereof in connection with restaurant services;

4. Requiring Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction;

5. Awarding to Plaintiffs their reasonable attorney's fees, costs, and expenses pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and/or other applicable law; and

6. Awarding Plaintiffs other such relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Brian W. Fox*
Brian W. Fox (0086851)
bfox@fbtlaw.com
FROST BROWN TODD LLC
9277 Centre Pointe Drive, Suite 300
West Chester, Ohio 45069
(513) 870-8200 (telephone)
(513) 870-0999 (facsimile)

Austin D. Padgett (0085368)
apadgett@fbtlaw.com
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
Phone: (513) 651-6753
Fax: (513) 651-6981
*Trial Attorneys for Plaintiff Cunningham Restaurant Group Holdings, LLC*

-15-

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2012, a copy of the foregoing Complaint was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ *Brian W. Fox*
      Attorney for the Plaintiff

WCHLibrary 0125913.0601774   169109v3